tify the scheme." 460 U. S., at 592. The Court went on to hold that "[a] tax that singles out the press, *or that targets individual publications within the press*, places a heavy burden on the State to justify its action." *Id.*, at 592–593.

The North Carolina statute appears to discriminate among members of the press, selecting newspapers using one mode of delivery for a complete exemption from the sales/use tax while requiring all others to pay a tax on either their retail sales or the purchases of personal property that go into their publications. *Minneapolis Star* indicates that the State bears a heavy burden in justifying such a distinction. The North Carolina Supreme Court, however, applied mere rational-basis scrutiny in upholding the statute. To me, even the suggestion that the statutory distinction is rational is debatable;* if, as *Minneapolis Star* suggests, the statute is subject to more stringent scrutiny, the question whether it can survive is far from insubstantial.

The Court's dismissal may reflect discomfort with *Minneapolis Star*'s broad holding that taxes drawing distinctions among members of the press are suspect even when they do not discriminate on the basis of content and are not apparently designed to suppress speech. If that is so, it seems to me that a more proper way of establishing the bounds of the principle asserted in *Minneapolis Star* is to give this case plenary consideration and openly decide the substantial questions it presents. I would note probable jurisdiction and set the case down for oral argument.

No. 84–1553. ARANGO *v.* FLORIDA BAR. Appeal from Sup. Ct. Fla. dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied. 

No. 84–1682. CICERO *v.* NEW YORK. Appeal from App. Div., Sup. Ct. N. Y., 4th Jud. Dept., dismissed for want of jurisdiction.

---

*The difficulty in administering a sales tax that must be collected by children who serve as paperboys may well provide a rational basis for exempting the *retail sales* of newspapers sold through street vendors or newsboys from taxation. However, this rationale hardly seems to justify exempting such papers entirely from the sales/use tax scheme. Just as appellant and other free circulation newspapers are required to pay the sales or use tax on their purchases of personal property that form components of (or the entirety of) their final product, newspapers that are exempt from sales tax by virtue of their mode of distribution could easily be required to pay the use tax on their own purchases of the personal property that goes into their newspapers.

1004

Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

No. 84–6572. PRENZLER v. PRENZLER. Appeal from Ct. App. Cal., 4th App. Dist., dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

No. 84–6579. MARCH v. MARCH. Appeal from Dist. Ct. App. Fla., 2d Dist., dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

No. 84–1150. HUMPHREY ET AL., DBA HUMPHREY & HAAS v. COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSN. Appeal from Sup. Ct. Iowa. Judgment vacated and case remanded for further consideration in light of Zauderer v. Office of Disciplinary Counsel, 471 U. S. 626 (1985). JUSTICE REHNQUIST and JUSTICE O'CONNOR would note probable jurisdiction and set case for oral argument.

No. 84–1255. ALPHA BETA CO. ET AL. v. SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA (NAHM, REAL PARTY IN INTEREST). Ct. App. Cal., 1st App. Dist. Certiorari granted, judgment vacated, and case remanded for further consideration in light of Allis-Chalmers Corp. v. Lueck, 471 U. S. 202 (1985).

No. 84–1663. NICHELSON v. QUAKER OATS CO. C. A. 6th Cir. Certiorari granted, judgment vacated, and case remanded for further consideration in light of Anderson v. Bessemer City, 470 U. S. 564 (1985).

No. 84–6159. KILPATRICK v. HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES. C. A. 4th Cir. Motion of petitioner for leave to proceed in forma pauperis and certiorari granted. Judgment vacated and case remanded to the Court of Appeals with instructions to remand the case to the United States District Court for the District of Maryland with instructions to remand the case to the Secretary of Health and Human Services